**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EMILY REDHAT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-08-0205-F |
| ) | |
| GENERAL BINDING ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants General Binding Corporation and Quill Corporation (both Illinois corporations) removed this action to this court from the District Court for Oklahoma County, Oklahoma, on February 27, 2008. (Doc. no. 1.) They stated in their removal notice that Okeene Municipal Hospital was fraudulently joined to defeat this court's diversity jurisdiction.[1] Plaintiffs, the parents of H.B., a minor, timely moved for remand, contending that the hospital was not fraudulently joined. (Motion for remand, doc. no. 13.) The moving defendants objected to remand. No reply was filed. Accordingly, the motion for remand has been fully briefed and is ready for decision.

Standards

The law places a heavy burden on the party asserting fraudulent joinder. Montano v. Allstate Indemnity, 211 F.3d 1278, 2000 WL 525592 at *1-2 (10th Cir. 2000), unpublished decision cited here pursuant to the requirements of Tenth Circuit

---

[1]The court notes that the term "fraudulent" joinder is a bit of a misnomer. Although the standard is stringent, actual fraud need not be found. *See*, Mayes v. Rapoport, 198 F.3d 457, 461 n. 8 (4th Cir. 1999). The issue, rather, is whether the claim against the nondiverse party is hopelessly lacking in merit – a condition which can, and often does, exist even in the absence of a fraudulent pleading.

Rule 36.3.  Quoting from Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000), Montano states:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

Montano at *1-2, brackets in Montano, quoting Hart at 246.

This standard is more exacting than that for dismissing a claim under Rule 12(b)(6), Fed. R. Civ. P.  Montano at *2.  A Rule 12(b)(6) motion involves the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced. *Id*.  A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.  Montano at *2, paraphrasing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-53 (3d Cir. 1992).  Moreover, remand is required if any one of the claims against the non-diverse defendant is possibly viable.  Montano at *2, citing Green v. Amerada Hess Corp., 707 F.2d 201, 207 (5th Cir. 1983).

Discussion

This action arises out events on July 3, 2006, when H.B., then a twenty-month old toddler, allegedly darted away from his mother in the Okeene Hospital emergency waiting room, went into an unsecured office where a paper shredder was located, and severely injured his hand in the shredder.  Plaintiffs have sued the non-resident defendants, General Binding Corporation and Quill Corporation, on product liability theories.  In their response to the motion for remand, the non-resident defendants

argue that the claims alleged against the hospital are based on attractive nuisance, failure to inspect, or manufacturer's product liability theories of liability. They argue that the State of Oklahoma and its subdivisions have not waived their immunity from such claims, citing the exemptions from liability of the Oklahoma Governmental Tort Claims Act (OGTCA), 51 O.S. 2001 § 155 (7), (13), (26). These subsections provide that "The state or a political subdivision shall not be liable if a loss or claim results from...(7) [a]ny claim based on the theory of attractive nuisance,...(13)...failure to make an inspection...or negligent inspection..., [or] (26) [a]ny claim or action based on the theory of manufacturer's products liability or breach of warranty...." The non-resident defendants argue that because the State is immune from liability with respect to these types of claims, there is no possibility plaintiffs can establish a claim against the hospital, with the result being that the hospital is fraudulently joined.

The petition is somewhat ambiguous regarding the theoretical underpinning of the types of claims alleged against Okeene Hospital.[2] The fact that the petition may be construed as alleging attractive nuisance, failure to inspect, or products liability based claims – theories of liability foreclosed by the OGTCA – does not end the discussion. Remand is required if a claim based on any theory of liability might be established against the hospital. Plaintiffs argue that the petition alleges a "premises based" claim against the hospital. If the petition may arguably be construed as alleging such a theory of liability against the hospital, and if the exclusions of the

---

[2]For example, the introductory paragraph of the petition states that plaintiffs "bring this action against the Defendants based on strict liability for selling a defective product, and breach of warranty," as if to characterize all claims alleged in the petition as product liability claims. The first cause of action is entitled "strict liability" and "failure to warn." This first claim is alleged against all "defendants." The only allegations that specifically discuss the hospital's role in the events in question, however, are in paragraphs 17 and 18. Paragraph 17 alleges that "children might be attracted" to the "product." Paragraphs 17 and 18 come under the heading for the second cause of action, entitled "premises liability."

-3-

OGTCA do not apply to such a claim, then the non-resident defendants have failed to show that all claims against Okeene Hospital are foreclosed, in which case the hospital is not fraudulently joined.

The second cause of action in the petition is entitled "premises liability," a term which the parties clearly understand as referring to a claim against the owner of premises in which the level of care owed to the plaintiff depends upon the plaintiff's status as a licensee, invitee, or trespasser on the premises.  *See*, Pickens v. Tulsa Metropolitan Ministry, 951 P.2d 1079, 1083 (Okla. 1997) ("The determination of entry status is critical in a premises liability case...."). The petition alleges facts in support of such a "premises based" theory of liability. It alleges the injury occurred to H.B. at Okeene Hospital, and that H.B. was at the hospital in the capacity of a child who, with his mother, was using the emergency waiting room. These allegations are sufficient to allege a claim against the hospital based on "premises liability."

The next question is whether the OGTCA excludes this type of claim from the Act's waiver of immunity. In Brewer v. Independent School District #1, 848 P.2d 566, 570 (Okla. 1993), a child was hurt on a playground slide. The Oklahoma Supreme Court upheld summary judgment for the school district with respect to plaintiff's attractive nuisance and failure to inspect claims. In doing so, however, the court stated that while the exclusions of the OGTCA precluded suit against the school district based on these theories of liability, the exclusions in question (the same exclusions as the non-resident defendants rely on here) did "not completely resolve the issue of whether summary judgment was proper." *Id*. at 571. The Court stated that despite the exclusions found in the OGTCA, the school "still had a duty to [the injured child] either as a trespasser, licensee or invitee." *Id*. *See also*, Moran v. City of Del City, 77 P.3d 588 (Okla. 2003). Thus, regardless of H.B.'s status on the

-5-

Okeene Hospital premises, the exceptions to the OGTCA do not preclude a status based, *i.e.* premises based, claim against the hospital.

### Conclusion

Because the petition alleges at least one possibly viable theory of liability against Okeene Hospital, fraudulent joinder has not been shown. The presence of Okeene Hospital in this action defeats the court's diversity jurisdiction, and this case must be remanded to state court.

Therefore, after careful consideration, the motion to remand is **GRANTED**. This action is hereby **REMANDED** to the District Court for Oklahoma County, Oklahoma, the court from which it was removed.

Plaintiffs have also requested an award of its attorneys' fees incurred in conjunction with the motion for remand. There were arguable grounds for the removal. Accordingly, the request for fees is **DENIED**.

Dated this 1st day of May, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0205p001(pub).wpd